GATES v. PFEIFFER BREWING CO.

1. AUTOMOBILES—NEGLIGENCE—EVIDENCE—REAR-END COLLISION.

Question of whether truck train driver was negligent in striking rear left-hand portion of plaintiff's horse-drawn wagon *held*, for jury under evidence showing pavement was 20 feet wide, plaintiff's left wheels were about 12 inches on pavement and balance on shoulder, truck train was traveling 8 to 10 miles an hour down hill when it overtook plaintiff and failed to turn to left sufficiently to avoid striking wagon although oncoming traffic was 200 to 300 feet ahead of point of collision and braking system failed to work, plaintiff's case not resting solely on statutory presumption in his favor in case of rear-end collisions (1 Comp. Laws 1929, § 4788).

2. SAME—OWNERSHIP OF TRUCK TRAIN.

In action for damages suffered when defendant's truck train overtook and collided with plaintiff's horse and wagon, evidence that individual defendant was at least a part owner of the truck *held*, to render question one for jury.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted January 14, 1936. (Docket No. 64, Calendar No. 38,745.) Decided March 3, 1936.

Case by Shelby Gates against Pfeiffer Brewing Company and Central Supply Company, corporations, and Kenneth T. Merritt for damages sustained in collision between truck train and horse-drawn wagon. Case dismissed as to defendant Pfeiffer Brewing Company. Verdict and judgment for plaintiff as to defendants Central Supply Company and Merritt. Defendants appeal. Affirmed.

*Sol Blumrosen,* for plaintiff.

*Stewart A. Ricard,* for defendants.

NORTH, C. J.  This is a suit for damages arising from a collision between plaintiff's horse-drawn wagon and truck and trailer alleged to have belonged to the Central Supply Company and Kenneth T. Merritt. The case was dismissed by stipulation as to the Pfeiffer Brewing Company. At the close of plaintiff's case, and again at the close of all the testimony, appellants moved for a directed verdict. The motion was denied, the case submitted to the jury, and verdict and judgment in favor of plaintiff followed. The Central Supply Company and Kenneth T. Merritt, hereinafter designated as defendants, have appealed.

The truck and trailer at the time of the accident were traveling in an easterly direction on US–16 near Farmington. The trailer was carrying a load of substantially six tons. The truck was equipped with what is commonly called an air booster, a mechanical device designed to increase the braking power of the vehicle. The ordinary brakes on the

truck were insufficient to control the truck and loaded trailer when going down grade. As the truck and trailer reached the top of the grade just before the accident the driver observed plaintiff about 300 feet ahead, proceeding in the same direction with a horse and wagon. The truck was traveling about 30 miles per hour. The driver attempted to use the booster but it failed to work. As the truck approached the horse and wagon, having slowed down to 8 or 10 miles per hour, in an attempt to avoid a rear-end collision the driver of the truck swung to his left, but kept close to the wagon because of approaching west-bound traffic on the northerly side of the highway. By reason of the truck driver's failure to turn far enough to his left the front right-hand corner of the trailer collided with the rear left-hand portion of plaintiff's wagon. The impact broke the reach of plaintiff's wagon, threw plaintiff from the wagon and injured him. At the point of accident the pavement was 20 feet in width with a gravel shoulder on either side from four to six feet in width.

Appellants contend that plaintiff relied upon the statutory presumption in consequence of which the driver of a vehicle overtaking another vehicle going in the same direction is *prima facie* guilty of negligence in the event of a rear-end collision (2 Comp. Laws 1929, § 4788); that this presumption was met and overcome by direct, positive and credible evidence produced by defendants; that the presumption was thus nullified and plaintiff cannot recover because no testimony was offered by him tending to contradict that offered by defendants. It is defendants' theory that what happened was the result of a mere accident, *i. e.*, the failure of the booster to work, without any negligence on the part of the driver of defendant's truck.

Defendants' contention is not tenable. Plaintiff does not rely on the statutory presumption. He charges defendants with negligence, including failure to drive the truck and trailer at a safe distance to the left of plaintiff's wagon in attempting to pass. It cannot be said that there is no testimony in this record tending to overcome defendants' theory that the collision resulted from a mere accident without negligence on the part of defendants' driver. Instead there is testimony sufficient to sustain a finding that the proximate cause of the accident was the negligence of the truck driver in failing to turn to his left soon enough and far enough to have passed without striking plaintiff's wagon. The traffic approaching from the east was 200 to 300 feet distant from the point of collision at the time of the accident. As noted, the pavement was 20 feet wide with an adequate shoulder on either side. Plaintiff's horse and most of his wagon were on the southerly or right-hand shoulder, the left wheels of his wagon being on the pavement only about 12 inches. Under such circumstances there was room for the truck and trailer to have passed without striking plaintiff's wagon. The testimony presented an issue for the jury as to whether the accident was caused by the truck driver's negligence.

The remaining contention of appellants is that there is no testimony tending to establish ownership of the truck or trailer in defendant Kenneth T. Merritt; and therefore defendants' motion to dismiss as to this defendant should have been granted. This contention cannot be sustained. There is uncontradicted testimony in the record from which such ownership was properly found by the jury. Exhibit B is a photostatic copy of records of the motor vehicle division of the secretary of State's office. From

this exhibit it appears that the certificate of title to the truck involved in this accident was issued to the Central Supply Company under date of June 13, 1934; and that thereafter there was a transfer of this title, from which we quote:

"For value received I (we) hereby sell, assign, transfer and convey unto * * * Central Supply Co. * * * the motor vehicle described on the reverse side of this certificate, and I (we) hereby warrant the title of said motor vehicle, * * *

"If joint ownership
all required to sign.
        "Signature:   CENTRAL SUPPLY Co.
                       Transferor (seller).
        "Signature:   K. T. MERRITT, Prop.,
                       Transferor (seller)."

The above transfer was verified before a notary public November 8, 1934, by K. T. Merritt, who on oath stated the matters therein set forth were true. The accident out of which this suit arises occurred October 11, 1934. Surely the foregoing record is some evidence of ownership of the truck in Merritt on the date of the accident. Unless Merritt was at least a part owner of this motor vehicle, it is difficult to understand why he was one of two parties who shortly after this accident signed an application for a transfer of the title and therein described himself as "Prop., transferor (seller)," or to understand why there was any occasion for the transfer of the title of this motor vehicle from Central Supply Co. to Central Supply Co.

Further, one of defendants' witnesses, William Shannon, testified:

"On the day of the accident, I was jointly employed with Mr. Green (the truck driver). * * *

There had been a periodic examination or inspection of the new truck. That was part of my duties. * * * "*Q.* Who were you employed by October 11, 1934? "*A.* K. T. Merritt."

The ruling of the circuit judge denying defendants' motion for a directed verdict was proper. The judgment entered in the circuit court is affirmed, with costs to appellee.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, POTTER, and TOY, JJ., concurred.